UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Halo Innovations, Inc. | ) | |
| a Minnesota Corporation, | ) | |
| | ) | Civil No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | (Jury Trial Demanded) |
| Biosentronics CC, | ) | |
| a South African Corporation, d/b/a Snuza, | ) | |
| and Pneo LLC, a Delaware Limited | ) | |
| Liability Company | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Halo Innovations, Inc. states the following for its Complaint against Defendants Biosentronics cc, dba "Snuza" and Pneo LLC.

## INTRODUCTION

1. This is an action at law and in equity for trademark infringement, injury to business reputation, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et. seq. ("Lanham Act"), the fair business practices and unfair and deceptive trade practices acts of several states, and the common law.

2. Halo is the owner of common law and federal registration rights in the term "Halo" ("HALO Trademark"), which is and has been used in connection with baby products to reduce the incidence of Sudden Infant Death Syndrome ("SIDS"), including sleepwear, mattresses, and air filtration devices.

3. Defendants are using the term "Halo" in connection with electronic baby monitors to reduce the incidence of SIDS.

4.  Defendants are doing so despite being fully aware of Halo's use and registration of Halo's HALO Trademark.

## THE PARTIES

5.  Halo Innovations, Inc. (hereinafter referred to as "Halo" or "Plaintiff") is a corporation in good standing under the laws of the state of Minnesota, having its principal place of business at 111 Cheshire Lane, Suite 700, Minnetonka, Minnesota 55305.   Plaintiff has a website at www.halosleep.com.

6.  Upon information and belief, Defendant Biosentronics, CC (hereinafter referred to as "Biosentronics") is a South African corporation doing business as "Snuza," having a principal place of business at Unit 39 Roeland Square, Roeland Street, Cape Town, 8001, South Africa. Biosentronics has a website at www.biosentronics.com.

7.  Upon information and belief, Defendant Pneo LLC (hereinafter referred to as "Pneo") is a limited liability company organized under the laws of the state of Delaware with a mailing address of 8605 Santa Monica Blvd #14345, Los Angeles, California 90069.  Upon information and belief, Defedant Pneo serves as a distributor of Defendant Biosentronic's products and has extensive operations in the United States.  Pneo has a website at www.pneo.com.

## NATURE OF ACTION AND JURISDICTION AND VENUE

8.  This is an action at law and in equity for trademark infringement, injury to business reputation, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et. seq. ("Lanham Act"), the fair business practices and unfair and deceptive trade practices acts of several states, and the common law.

9.  Subject matter jurisdiction is based on 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 (a) and (b), in that this action arises under the laws of the United States (Lanham Act, 15

U.S.C. §1051, *et seq.*).  This Court has subject matter jurisdiction over Halo's related state and common-law claims under 28 U.S.C. §§1338 and 1367.

10.  This Court has personal jurisdiction over Defendants under Minn. Stat. §543.19 because Defendants have distributed and sold infringing merchandise within the state of Minnesota, engaged in acts or omissions within this state causing injury, engaged in acts or omissions outside of this state causing injury within this state, manufactured or distributed products used within this state in the ordinary course of trade, or otherwise made or established contacts with this state sufficient to permit the exercise of personal jurisdiction.  Defendants sell, offer for sale and/or distribute product for sale throughout the United States.  Specifically, Defendants sell, offer for sale and/or distribute product to the state of Minnesota.  Defendants sold and/or offered for sale and have shipped product to Minnesota, thus purposefully availing themselves of the benefits and protections of Minnesota laws.

11.  This District is a proper venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Halo's claims occurred in this District.

## GENERAL ALLEGATIONS

A.    **PLAINTIFF, ITS MARKS, AND ITS PRODUCTS**

12.  Plaintiff is a well-known manufacturer and retailer of baby sleep products designed to reduce the occurrence of Sudden Infant Death Syndrome (hereinafter referred to as "SIDS") in babies.  Plaintiff sells such products under the HALO Trademark.  Since 1999, Plaintiff has spent a significant amount of money promoting its HALO brand and company name.  As such, Plaintiff has developed substantial goodwill in and to its HALO brand.

13.  Plaintiff's HALO baby sleep products have received numerous awards and have been endorsed by hospitals and pediatricians throughout the United States for their help in preventing infant death by SIDS.  Plaintiff's HALO products have been featured on local and national television shows.

14.  Since at least as early as 1999, Plaintiff has sold air filters for domestic use; mattresses; mattress inner springs and perforated sleep surfaces for mattresses; mattress assemblies comprising mattress base, mattress inner spring, perforated sleep surface, pad and bumper; ventilated sleep systems comprising mattress, mattress base, inner spring, perforated sleep surface, mattress pad and mattress fan, and replacement parts therefor; and bed linens, mattress pads, mattress covers and bumpers under the HALO brand.  The United States Patent and Trademark Office issued Registration No. 2809073 for use of the HALO Trademark on the above goods on January 27, 2004.  An Affidavit has been filed under Section 8 and 15 of the Lanham Act, under U.S.C. §§1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as Exhibit A.

15.  Since at least as early as 2004, Plaintiff has sold air filtration equipment, namely, air purifiers for individual users, replacements parts thereof, air filters for domestic use; mattresses; mattress inner springs and perforated sleep surfaces, namely, mattress toppers, mattress assemblies comprising mattress base, mattress inner spring, perforated sleep surface, pad and bumper; ventilated sleep systems comprising mattress, mattress base, inner spring, perforated sleep surface, mattress pad and mattress fan, and replacement parts therefor; bed linens, mattress

pads, mattress covers; and infant sleepwear under the HALO & Design mark

.

The United States Patent and Trademark Office issued Registration No. 3589765 for HALO &

design for use on the above listed goods on March 17, 2009.  A copy of the Certificate of Registration for this mark is attached as Exhibit B.

16.  Since at least as early as 2000, Plaintiff has sold infant sleepwear under the HALO Brand.  The United States Patent and Trademark Office issued Registration No. 3582012 for the HALO Trademark for use on the above listed goods on March 3, 2009.  A copy of the Certificate of Registration for this mark is attached as Exhibit C.

17.  The Plaintiff's trademarks described in paragraphs 14-16 are herein referred to as the "HALO Trademark Registrations".

18.  The HALO Trademark Registrations are in full force and effect, and the trademark and goodwill of Halo's business in connection with the HALO Trademark has never been abandoned.  Plaintiff intends to continue to preserve its rights with respect to the HALO Trademark and the HALO Trademark Registrations and to use the HALO Trademark in connection with Halo's baby sleep products.

19.  As a result of Plaintiff's extensive promotional activities, the HALO Trademark has acquired substantial goodwill and is an extremely valuable commercial asset.  Plaintiff's HALO Trademark, is famous, highly distinctive and recognized by the public as identifying the goods of Halo.

20.  Halo has extensively and continuously used and promoted the HALO Trademark in connection with its business.  The HALO Trademark has been used in interstate commerce for over twelve years.

21.  Halo has neither licensed nor authorized Defendant to use the HALO Trademark.

22.  Halo has given notice of its rights in its HALO Trademark Registrations by using the ® symbol in connection with its registered HALO trademark and by giving notice and/or corresponding with Defendants.

**B.**     **THE DEFENDANT'S UNLAWFUL CONDUCT**

23.  Well after Halo's first use of its HALO Trademark, Defendants adopted and/or began using the confusingly similar trademarks, HALO and SNUZA HALO ("Defendants' HALO trademark"), in connection with electronic baby monitors designed to prevent the incidence of SIDS.

24.  On May 14, 2009 and June 26, 2009, Halo informed Defendants that Halo owned the rights to the HALO Trademark.  On July 3, 2009 and July 8, 2009, Biosentronics submitted a proposal to enter into a distribution agreement for the products associated with the HALO Trademark.  A copy of Biosentronics' two emails, including the distribution agreement proposal, is attached hereto as Exhibit D.

25.  On information and belief, despite the information provided by Halo to Defendants, Defendants have continued to either make, market, sell and/or distribute baby monitors bearing Defendants' HALO trademark, including through Biosentronics' website, www.biosentronics.com, and through retail and e-tail stores located throughout the United States.

26.  Biosentronics is and has been an Internet seller of baby breathing monitors since at least as early as 2009.  At least as early as 2011, Biosentronics started offering for sale and selling baby breathing monitors online through national retail chains such as Walgreens.com and Babysrus.com.

27. On information and belief, Pneo has been a distributor of the HALO baby breathing monitor to retailers throughout the U.S. since at least as early as 2009.

28. In promoting its baby breathing monitor, Defendants repeatedly reference the HALO Trademark without Halo's authorization or license. Copies of Biosentronics' baby monitor product, website and product package are attached hereto as Exhibits E, F and G, respectively. Pneo distributes the baby breathing monitor in association with the HALO Trademark in the same packaging as shown in Exhibit G to U.S. retailers.

29. When referring to Defendants' baby breathing monitor, Defendants fail to clarify that the Defendants have no affiliation or relationship with Halo's baby sleep products associated with the HALO Trademark.

30. Defendants' unauthorized use of the HALO Trademark takes from Halo the ability to control the nature and quality of products sold under the HALO Trademark, and places the inestimable reputation and goodwill of the HALO Trademark in the hands of the Defendants, over whom Halo has no control.

31. On information and belief, Defendants compete with Halo for customers and sales of SIDS prevention products.

32. Defendants' association of the HALO Trademark with its baby breathing monitor has caused or is likely to cause an average consumer to be confused or deceived about the source of the HALO baby breathing monitors.

33. Defendants continue to infringe the HALO Trademark despite Halo's demands to cease and desist, in willful disregard of the rights of Halo and the interests of the public.

34. Defendants' continued use of the term "halo" on packaging and on the Internet, in advertising and promotional materials, and in connection with Biosentronics's baby breathing

monitor is likely to diminish the goodwill associated with and dilute the distinctive quality of Halo's HALO Trademark.

35.  Halo has been damaged by Defendants' infringement of the HALO Trademark and will continue to be damaged in the future and suffer irreparable injury unless Defendants are enjoined from infringing, inducing infringement, and contributing to the infringement of Halo's HALO Trademark.

36.  Defendants intentionally trade on the intellectual property of Plaintiff to sell their products and to benefit from consumer confusion, mistake, and deception.

## COUNT I:

### FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. §1114)

37.  Halo restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 – 36 of this Complaint.

38.  Halo has used the HALO Trademark in commerce as defined by the Lanham Act.

39.  Defendants' unauthorized and unlicensed use of Halo's HALO Trademark described above has or is likely to cause confusion in the minds of the purchasing public and falsely creates the impression that Defendants and their products are authorized by, approved by, sponsored by, or connected with Halo.

40.  By its actions, Defendants are in violation of 15 U.S.C. §1114.

41.  Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Halo's federally registered HALO Trademark to Halo's great and irreparable injury.

8

42.  Defendants have caused and are likely to continue causing substantial injury to the public and to Halo, and Halo is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§1114, 1116 and 1117.

## COUNT II:

### FEDERAL UNFAIR COMPETITION

43.  Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 – 42 of this Complaint as set forth herein.

44.  The Defendants' actions as claimed herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) and (b).  Halo is entitled to recover actual and treble damages, attorney's fees, and the costs of this litigation pursuant to 15 U.S.C. §1117 and injunctive relief pursuant to 15 U.S.C. §1116.

## COUNT III:

### UNFAIR AND DECEPTIVE TRADE PRACTICES

45.  Halo restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 – 44 of this Complaint as set forth herein.

46.  On information and belief, Defendants' unauthorized use of the HALO trademark constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including, but not limited to, Minnesota, MINN. STAT. §§325D.09-16; MINN. STAT. §§325D.43-48; and New York, N.Y. GEN. BUS. Law §349.

47.  Defendants' unauthorized use of confusingly similar imitations of Halo's HALO Trademark has caused and is likely to continue to cause substantial injury to the public and to Halo, and Halo is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorney fees, as well as punitive damages.

## COUNT IV:

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

48.  Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 – 47 of this Complaint as set forth herein.

49.  Defendants' acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the irreparable injury of Halo unless restrained by this Court.  Halo has no adequate remedy at law for this injury.

50.  On information and belief, Defendants acted with full knowledge of Halo's use of, and statutory and common law rights to, the HALO Trademark, without regard to the likelihood of confusion of the public created by Defendants' activities.

51.  Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Halo's HALO Trademark to Halo's great and irreparable injury.

52.  As a result of Defendants' acts, Halo has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Halo is entitled to injunctive relief, an accounting of Defendant's profits, actual damages, punitive damages, costs and reasonable attorney fees.

## COUNT V:

## DILUTION

53. Halo restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 – 52 of this Complaint as set forth herein.

54. The Defendants' actions as claimed herein constitute dilution under 15 U.S.C. §1125(c)(1) and the common law.  By reason of Defendants' bad faith and willfullness, Halo is entitled to recover actual and treble damages, attorney's fees, and the costs of this litigation pursuant to 15 U.S.C. §1117 and injunctive relief pursuant to 15 U.S.C. §1116.

## JURY DEMAND

55. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Halo prays that:

A.  Defendants and all of their agents, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

1.  using the HALO Trademark, or any other copy, reproduction, colorable imitation, or simulation of Halo's HALO Trademark on or in connection with baby products and accessories, and any retail services associated therewith;

2.  using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with baby products and accessories, and any retail

11

services associated therewith that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Halo, are sponsored or authorized by Halo, or are in any way connected or related to Halo;

3. passing off, palming off, or assisting in passing off or palming off, Defendants' goods or services as those of Halo, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

4. attempting to register the HALO Trademark, or any other copy, reproduction, colorable imitation, or simulation of Halo's HALO Trademark.

B. Defendants be ordered to abandon, withdraw, or cancel, as the case may be, any and all trademark applications or registrations anywhere in the world that consist of the HALO Trademark.

C. Defendants be ordered to recall all products, packaging and service offerings bearing the HALO Trademark, or any other confusingly similar mark, which have been shipped or sent by Defendants or under its authority to any corporate customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of any court order for injunctive relief that may be issued against Defendants;

D. Defendants be compelled to account to Halo for any and all profits derived by Defendants from the manufacture, sale, licensing or distribution of infringing goods and/or services as described in this Complaint;

E. Halo be awarded all damages caused by the acts forming the basis of this Complaint;

F. Based on Defendants' knowing and intentional use of confusingly similar imitations of Halo's HALO Trademark, the damages award be trebled and the award of Defendants' profits be enhanced as provided by 15 U.S.C. §1117(a);

G.  Defendants be required to pay to Halo the costs of and the reasonable attorney fees incurred by Halo in this action under 15 U.S.C. §1117(a) and the state statutes cited in this Complaint;

H.  Based on Defendants' willful and deliberate infringement and dilution of Halo's HALO Trademark, and to deter such conduct in the future, Halo be awarded punitive damages;

I.  Defendants be required to pay prejudgment interest on all monetary awards; and

J.  Halo have such other and further relief as the Court may deem just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

Hamre, Schumann, Mueller & Larson, P.C.

Dated: September 9, 2011

Sarah G. Voeller (#325,144)
P.O. Box 2902-0902
Minneapolis, Minnesota 55402 USA
(612) 455-3800 telephone
(612) 455-3801 fax

*Counsel for Plaintiff*
*Halo Innovations, Inc.*

<u>Attachments</u>:
Exhibit A:  U.S. Reg. No. 2,809,073 for HALO
Exhibit B:  U.S. Reg. No. 3,589,765 for HALO & Design
Exhibit C:  U.S. Reg. No. 3,582,012 for HALO
Exhibit D:  Biosentronic's Emails dated July 3, 2009 and July 8, 2009
Exhibit E:  Biosentronic's HALO Monitor Photo
Exhibit F:  Biosentronic's Website
Exhibit G:  Biosentronic's HALO Package